JUDGE DANIELS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 6391

| | |
|---|---|
| NEPHTY CRUZ and MICHAEL BALLETTO, as TRUSTEES OF THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES HEALTH AND PENSION PLANS, TRUSTEES OF THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES PENSION PLAN,<br><br><br><br>Plaintiffs,<br><br><br>-against-<br><br><br><br>PINNACLE MANAGING CO., LLC; REALTY CORP., LLC, a/k/a 3647 REALTY CO., LLC a/k/a 3657 REALTY CO., LLC; and WIENER REALTY, LLC,<br><br>Defendants. | 07 Civ.<br><br><br><br>**COMPLAINT**<br><br><br><br> |

Plaintiffs, by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for their complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.    This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act of 1947 ("Taft-

Hartley Act"), 29 U.S.C. § 185, by multiemployer health and pension benefit funds through their respective Boards of Trustees, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Plans. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Plans, Defendant violated its collective bargaining agreements with the Union and the respective trust agreements with the funds, as well as committed violations of ERISA.

## JURISDICTION

2.      This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1).  Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

## THE PARTIES

3.      Nephty Cruz and Michael Balletto are the Trustees of the District 6 International Union of Industrial, Service, Transport and Health Employees Heath Plan, a multi-employer labor-management trust fund, organized and operated pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The District 6 International Union of Industrial, Service, Transport and Health Employees Heath Plan (the "Health Plan") is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145.  The Health Plan is administered at 730 Broadway, New York, New York 10003.

4.    Nephty Cruz and Michael Balletto are the Trustees of the District 6 International Union of Industrial, Service, Transport and Health Employees Pension Fund are the are the trustees of a multi-employer labor-management trust fund, organized and operated pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5).  The District 6 International Union of Industrial, Service, Transport and Health Employees Pension Fund (the "Pension Fund") is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145.  The Pension Fund is administered at 730 Broadway, New York, New York 10003.

5.    Upon information and belief, at all times relevant hereto, Defendant Pinnacle Managing Co., LLC ("Pinnacle") was and is a corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  Pinnacle maintains its principal place of business at One Penn Plaza, Suite 4000, New York, New York 10119.

6.    Upon information and belief, at all times relevant hereto, Defendant Realty Corp., LLC a/k/a 3647 Realty Co. LLC a/k/a 3657 Realty Co. LLC ("Realty") was and is a corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  Realty maintains its principal place of business at One Penn Plaza, Suite 4000, New York, New York 10119.

7.    Upon information and belief, at all times relevant hereto, Defendant Wiener Realty, LLC ("Wiener") was and is a corporation doing business in the State of New York as an

employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185.  Wiener maintains its principal place of business at One Penn Plaza, Suite 4000, New York, New York 10119.

## BACKGROUND

8.    The Plaintiff Funds collectively provide health and pensions benefits to members of District 6 International Union of Industrial, Service, Transport and Health Employees (the "Union").

9.    At all times relevant hereto, Defendants Pinnacle, Realty and Wiener were and are signatories to Collective Bargaining Agreements with the Union establishing the terms and conditions of employment for Defendants' employees performing work covered by the Collective Bargaining Agreements within the geographical jurisdiction of the Union.

10.    Pursuant to the Collective Bargaining Agreements, Defendants agreed to pay to the Plaintiff Funds benefit contributions and to forward dues checkoffs to the Union for each hour worked by employees covered by the Collective Bargaining Agreements.

11.    Upon information and belief, Defendants employed certain employees covered under the Collective Bargaining Agreements.

12.    Upon further information and belief, Defendant has not fulfilled its statutory and contractual obligations to pay the required health and pension benefit contributions to the Plaintiff Funds on behalf of employees who perform work covered by the Collective Bargaining Agreements.

13.    Joinder of all Defendants is proper under Rule 20(a) of the Federal Rules of Civil Procedure as there is asserted against Defendants a right to relief in respect of or arising out of

the same transaction, occurrences or series of transactions or occurrences, and a question of law or fact common to all Defendants will arise in this action.

**PINNACLE**
**FIRST CLAIM FOR RELIEF**

14.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 13 hereof.

15.     As a result of work performed by individual employees of Defendant Pinnacle, pursuant to the Collective Bargaining Agreement, there became due and owing to the Health and Pension Plans from Defendant Pinnacle benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2003 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

16.     Pinnacle's failure permit and cooperate in the conduct of an audit by the Health and Pension Plans constitutes a violation of the Collective Bargaining Agreement.

17.     Accordingly, Defendant Pinnacle is liable to the Health and Pension Plans as and for benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2003 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## SECOND CLAIM FOR RELIEF

18.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 17 hereof.

19.    Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant Pinnacle is required, respectively, *inter alia*, to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Defendant Pinnacle's books and records for the period January 2003 through the present, including, but not limited to, all time books, payroll and wage records of the Employer for the purpose of ascertaining the amount of benefit contributions due the Health and Pension Plans from Defendant Pinnacle, and verifying the accuracy of the employer contribution reports filed by Defendant Pinnacle.

20.    Accordingly, pursuant to the terms and conditions of the Collective Bargaining Agreement, the Health and Pension Plans demand an order directing Defendant Pinnacle to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Pinnacle's books and records for the period January 2003 through the present.

## THIRD CLAIM FOR RELIEF

21.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 20 hereof.

22.    Pursuant to the Contribution Collection and Payroll Audit Policy adopted by the trustees of the Health and Pension Plans, Defendant Pinnacle is obligated, *inter alia*, to pay the costs of the audit of their books and records if Defendant Pinnacle is found to owe delinquent

contributions in excess of $500, or in the event that the employer refuses, resists or impedes any payroll audit by the Fund.

23.    Upon information and belief, Defendant Pinnacle refused, resisted and/or impeded a payroll audit by the Plaintiff Health and Pension Plans.

24.    Accordingly, Defendant Pinnacle is liable to the Plaintiff Health and Pension Plans as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action.

## **FOURTH CLAIM FOR RELIEF**

25.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 24 hereof.

26.    Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant Pinnacle is required to permit and cooperate in the conduct of audit of Defendant Pinnacle's books and records for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

27.    Upon information and belief, Defendant Pinnacle has failed to permit and cooperate in the conduct of an audit of Pinnacle's books and records, and is currently in breach of its obligations under the Collective Bargaining Agreement.    Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Collective Bargaining Agreement.

28.    Plaintiffs have no adequate remedy at law to insure that Defendant Pinnacle will adhere to the terms of the Collective Bargaining Agreement.

29.    Plaintiff Health and Pension Plans will suffer immediate and irreparable injury unless Defendant Pinnacle and its officers, agents, servants and employees are enjoined from

7

failing, refusing or neglecting to permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

30.    Accordingly, Plaintiff Health and Pension Plans request that this Court issue an injunction permanently enjoining Defendant Pinnacle, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreement.

**REALTY**
**FIFTH CLAIM FOR RELIEF**

31.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 30 hereof.

32.    As a result of work performed by individual employees of Defendant Realty, pursuant to the Collective Bargaining Agreement, there became due and owing to the Health and Pension Plans from Defendant Realty benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2005 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

33.    Realty's failure permit and cooperate in the conduct of an audit by the Health and Pension Plans constitutes a violation of the Collective Bargaining Agreement.

34.    Accordingly, Defendant Realty is liable to the Health and Pension Plans as and for benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2005 through the present, plus interest calculated at ten percent (10%) per annum,

liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## SIXTH CLAIM FOR RELIEF

35.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 35 hereof.

36.    Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant Realty is required, respectively, *inter alia*, to file certain employer contribution reports with the Health and Pension Plans, and is further required to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Defendant Realty's books and records for the period January 2005 through the present, including, but not limited to, all time books, payroll and wage records of the Employer for the purpose of ascertaining the amount of benefit contributions due the Health and Pension Plans from Defendant Realty, and verifying the accuracy of the employer contribution reports filed by Defendant Realty.

37.    Accordingly, pursuant to the terms and conditions of the Collective Bargaining Agreement, the Health and Pension Plans demand an order directing Defendant Realty to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Realty's books and records for the period January 2005 through the present.

## SEVENTH CLAIM FOR RELIEF

38.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 37 hereof.

39.    Pursuant to the Contribution Collection and Payroll Audit Policy adopted by the trustees of the Health and Pension Plans, Defendant Realty is obligated, *inter alia*, to pay the costs of the audit of their books and records if Defendant Realty is found to owe delinquent contributions in excess of $500, or in the event that the employer refuses, resists or impedes any payroll audit by the Fund.

40.    Upon information and belief, Defendant Realty has refused, resisted and/or impeded a payroll audit by the Health and Pension Plans.

41.    Accordingly, Defendant Realty is liable to the Plaintiff Health and Pension Plans as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action.

### EIGHTH CLAIM FOR RELIEF

42.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 41 hereof.

43.    Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant Realty is required to permit and cooperate in the conduct of audit of Defendant Realty's books and records for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

44.    Upon information and belief, Defendant Realty has failed to permit and cooperate in the conduct of an audit of Realty's books and records, and is currently in breach of its obligations under the Collective Bargaining Agreement.  Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Collective Bargaining Agreement.

45.    Plaintiffs have no adequate remedy at law to insure that Defendant Realty will adhere to the terms of the Collective Bargaining Agreement.

46.    Plaintiff Health and Pension Plans will suffer immediate and irreparable injury unless Defendant Realty and its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

47.    Accordingly, Plaintiff Health and Pension Plans request that this Court issue an injunction permanently enjoining Defendant Realty, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreement.

## WIENER
## NINTH CLAIM FOR RELIEF

48.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 47 hereof.

49.    As a result of work performed by individual employees of Defendant Wiener, pursuant to the Collective Bargaining Agreement, there became due and owing to the Health and Pension Plans from Defendant Wiener benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2005 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

50.    Wiener's failure permit and cooperate in the conduct of an audit by the Health and Pension Plans constitutes a violation of the Collective Bargaining Agreement..

51.    Accordingly, Defendant Wiener is liable to the Health and Pension Plans as and for benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2005 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

**TENTH CLAIM FOR RELIEF**

52.    Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 51 hereof.

53.    Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant Wiener is required, respectively, *inter alia*, to file certain employer contribution reports with the Health and Pension Plans, and is further required to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Defendant Wiener's books and records for the period January 2005 through the present, including, but not limited to, all time books, payroll and wage records of the Employer for the purpose of ascertaining the amount of benefit contributions due the Health and Pension Plans from Defendant Wiener, and verifying the accuracy of the employer contribution reports filed by Defendant Wiener.

54.    Accordingly, pursuant to the terms and conditions of the Collective Bargaining Agreement, the Health and Pension Plans demands an order directing Defendant Wiener to permit and cooperate with the Health and Pension Plans and their designated representatives in

the conduct of an audit of Wiener's books and records for the period January 2005 through the present.

## ELEVENTH CLAIM FOR RELIEF

55.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 54 hereof.

56.     Pursuant to the Contribution Collection and Payroll Audit Policy adopted by the trustees of the Health and Pension Plans, Defendant Wiener is obligated, *inter alia*, to pay the costs of the audit of their books and records if Defendant Wiener is found to owe delinquent contributions in excess of $500, or in the event that the employer refuses, resists or impedes any payroll audit by the Fund.

57.     Upon information and belief, Defendant Wiener has refused, resisted and/or impeded a payroll audit by the Health and Pension Plans.

58.     Accordingly, Defendant Wiener is liable to the Plaintiff Health and Pension Plans as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action.

## TWELFTH CLAIM FOR RELIEF

59.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 58 hereof.

60.     Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant Wiener is required to timely pay and submit benefit contributions and reports to the Plaintiff Health and Pension Plans and permit and cooperate in the conduct of audit of Defendant Wiener's books and records for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

61.     Upon information and belief, Defendant Wiener has failed to permit and cooperate in the conduct of an audit of Wiener's books and records, and is currently in breach of its obligations under the Collective Bargaining Agreement.    Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Collective Bargaining Agreement.

62.     Plaintiffs have no adequate remedy at law to insure that Defendant Wiener will adhere to the terms of the Collective Bargaining Agreement.

63.     Plaintiff Health and Pension Plans will suffer immediate and irreparable injury unless Defendant Wiener and its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

64.     Accordingly, Plaintiff Health and Pension Plans request that this Court issue an injunction permanently enjoining Defendant Wiener, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreement.

**WHEREFORE,**

(1)     Plaintiff Health and Pension Plans demand judgment on their First Claim for Relief against Pinnacle as and for benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2003 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(2)     Plaintiff Health and Pension Plans demands on their Second Claim for Relief an order directing Defendant Pinnacle to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Pinnacle's books and records for the period January 2003 through the present;

(3)     Plaintiff Health and Pension Plans demand judgment on their Third Claim for Relief against Defendant Pinnacle as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action;

(4)     Plaintiff Health and Pension Plans demand injunctive relief on their Fourth Claim for Relief against Defendant Pinnacle permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreements;

(5)     Plaintiff Health and Pension Plans demand judgment on their Fifth Claim for Relief against Realty as and for benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2005 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(6)     Plaintiff Health and Pension Plans demands on their Sixth Claim for Relief an order directing Defendant Realty to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Pinnacle's books and records for the period January 2005 through the present;

(7)    Plaintiff Health and Pension Plans demand judgment on their Seventh Claim for Relief against Defendant Realty as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action;

(8)    Plaintiff Health and Pension Plans demand injunctive relief on their Eighth Claim for Relief against Defendant Realty permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreements;

(9)    Plaintiff Health and Pension Plans demand judgment on their Ninth Claim for Relief against Wiener as and for benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2005 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(10)    Plaintiff Health and Pension Plans demand judgment on their Tenth Claim for Relief an order directing Defendant Wiener to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Pinnacle's books and records for the period January 2005 through the present;

(11)    Plaintiff Health and Pension Plans demand judgment on their Eleventh Claim for Relief against Defendant Wiener as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action; and

(12)    Plaintiff Health and Pension Plans demand injunctive relief on their Twelfth Claim for Relief against Defendant Wiener permanently enjoining Defendant, its officers, agents,

servants, employees and all persons in active concert or participation with it who receive actual

notice of the order by personal service or otherwise from failing, refusing or neglecting to permit

and cooperate in the conduct of audits for the term of the Collective Bargaining Agreements.

Dated:  New York, New York
        July 10, 2007

                              **BARNES, IACCARINO, VIRGINIA,**
                              **AMBINDER & SHEPHERD, PLLC**

            By:    _____
                              Charles R. Virginia, Esq. (CV 8214)
                              Trinity Centre
                              111 Broadway, Suite 1403
                              New York, New York 10006
                              Office Tel. No.: (212) 943-9080
                              *Attorneys for Plaintiffs*

U:\Winword Documents\District 6 Benefit Funds\Collections\Pinnacle Realty Corp and Wiener Joint Action\Complaint July 2007.FINAL.doc