UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NEPHTY CRUZ and MICHAEL BALLETTO, as
TRUSTEES OF THE DISTRICT 6 INTERNATIONAL
UNION OF INDUSTRIAL, SERVICE, TRANSPORT
AND HEALTH EMPLOYEES HEALTH AND
PENSION PLANS, TRUSTEES OF THE DISTRICT 6
INTERNATIONAL UNION OF INDUSTRIAL,
SERVICE, TRANSPORT AND HEALTH EMPLOYEES
PENSION PLAN,

Index No.: 6391/07 (GBD)

**ANSWER and**
**COUNTERCLAIM**

Plaintiffs,

- against -

PINNACLE MANAGING CO., LLC; REALTY CORP.,
LLC a/k/a 3647 REALTY CO., LLC a/k/a 3657
REALTY CO., LLC; and WIENER REALTY, LLC,

Defendants.
------------------------------------------------------------------X

Defendants Pinnacle Managing Co., LLC, Realty Corp., LLC, a/k/a 3647 Realty Co., LLC, a/k/a 3657 Realty Co., LLC, and Wiener Realty, LLC, by and through their attorneys, Jaffe & Asher LLP, as and for their Answer and Counterclaim, respectfully allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Admit the allegations contained in paragraph "2" of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, except states that Pinnacle Managing Co. is a Limited Liability Company.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, except states that Realty Corp. a/k/a 3647 Realty Co. a/k/a 3657 Realty Co is a Limited Liability Company.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, except states that Wiener Realty Co. is a Limited Liability Company.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Admit the allegations contained in paragraph "9" of the Complaint.

10. Deny each and every allegation contained in paragraph "10" of the Complaint, except admit that defendants are a party to the Collective Bargaining Agreement ("Agreement") and refer to the Agreement for the specific provisions thereof.

11. Admit the allegations contained in paragraph "11" of the Complaint.

12. Deny each and every allegation contained in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

2

14. Defendants repeat and re-allege the allegations, denials, and admissions contained in paragraphs "1" through "13" of this Answer and Counterclaim.

15. Deny each and every allegation contained in paragraph "15" of the Complaint, and aver that all payments due and owing to the Health and Pension Plans were made. Moreover, plaintiffs never made a demand for any outstanding payments.

16. Deny each and every allegation contained in paragraph "16" of the Complaint.

17. Deny each and every allegation contained in paragraph "17" of the Complaint.

18. Defendants repeat and re-allege the allegations, denials, and admissions contained in paragraphs "1" through "17" of this Answer and Counterclaim.

19. Deny each and every allegation contained in paragraph "19" of the Complaint, and refer to the Agreement for the specific provisions thereof.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Defendants repeat and re-allege the allegations, denials, and admission contained in paragraphs "1" through "20" of this Answer and Counterclaim.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. Deny each and every allegation contained in paragraph "23" of the Complaint.

24. Deny each and every allegation contained in paragraph "24" of the Complaint.

25. Defendants repeat and re-allege the allegations, denials, and admissions contained in paragraphs "1" through "24" of this Answer and Counterclaim.

26. Deny each and every allegation contained in paragraph "26" of the Complaint, and refer to the Agreement for the specific provisions thereof.

27. Deny each and every allegation contained in paragraph "27" of the Complaint.

28. Deny each and every allegation contained in paragraph "28" of the Complaint.

29. Deny each and every allegation contained in paragraph "29" of the Complaint.

30. Deny each and every allegation contained in paragraph "30" of the Complaint.

31. Defendants repeat and re-allege the allegations, denials, and admissions contained in paragraphs "1" through "30" of this Answer and Counterclaim.

32. Deny each and every allegation contained in paragraph "31" of the Complaint, and aver that all payments due and owing to the Health and Pension Plans were made. Moreover, plaintiffs never made a demand for any outstanding payments.

33. Deny each and every allegation contained in paragraph "33" of the Complaint.

34. Deny each and every allegation contained in paragraph "34" of the Complaint.

35. Defendants repeat and re-allege the allegations, denials, and admissions contained in paragraphs "1" through "34" of this Answer and Counterclaim.

36. Deny each and every allegation contained in paragraph "36" of the Complaint, and aver that defendants submitted all required reports to the Health and Pension Plans on a monthly basis. Moreover, plaintiffs never made a demand for any outstanding reports.

37. Deny each and every allegation contained in paragraph "37" of the Complaint.

38. Defendants repeat and re-allege the allegations, denials, and admissions contained in paragraphs "1" through "37" of this Answer and Counterclaim.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

40. Deny each and every allegation contained in paragraph "40" of the Complaint.

41. Deny each and every allegation contained in paragraph "41" of the Complaint.

42. Defendants repeat and re-allege the allegations, denials, and admissions contained in paragraphs "1" through "41" of this Answer and Counterclaim.

43. Deny each and every allegation contained in paragraph "43" of the Complaint, and refer to the Agreement for the specific provisions thereof.

44. Deny each and every allegation contained in paragraph "44" of the Complaint.

45. Deny each and every allegation contained in paragraph "45" of the Complaint.

46. Deny each and every allegation contained in paragraph "46" of the Complaint.

47. Deny each and every allegation contained in paragraph "47" of the Complaint.

48. Defendants repeat and re-allege the allegations, denials, and admissions contained in paragraphs "1" through "47" of this Answer and Counterclaim.

49. Deny each and every allegation contained in paragraph "49" of the Complaint, and aver that all payments due and owing to the Health and Pension Plans were made. Moreover, plaintiffs never made a demand for any outstanding payments.

50. Deny each and every allegation contained in paragraph "50" of the Complaint.

51. Deny each and every allegation contained in paragraph "51" of the Complaint.

52. Defendants repeat and re-allege the allegations, denials, and admissions contained in paragraphs "1" through "51" of this Answer and Counterclaim.

53. Deny each and every allegation in paragraph "53" of the Complaint, and aver that defendants submitted all required reports to the Health and Pension Plans on a monthly basis. Moreover, plaintiffs never made a demand for any outstanding reports.

54. Deny each and every allegation contained in paragraph "54" of the Complaint.

55. Defendants repeat and re-allege the allegations, denials, and admissions set forth in paragraphs "1" through "54" this Answer and Counterclaim.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Complaint.

57. Deny each and every allegation contained in paragraph "57" of the Complaint.

58. Deny each and every allegation contained in paragraph "58" of the Complaint.

59. Defendants repeat and re-allege the allegations, denials, and admissions set forth in paragraphs "1" through "58" of this Answer and Counterclaim.

60. Deny each and every allegation contained in paragraph "60" of the Complaint, and refer to the Agreement for the specific provisions thereof.

61. Deny each and every allegation contained in paragraph "61" of the Complaint.

62. Deny each and every allegation contained in paragraph "62" of the Complaint.

63. Deny each and every allegation contained in paragraph "63" of the Complaint.

64. Deny each and every allegation contained in paragraph "64" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant is entitled to a setoff against all amounts demanded for monies expended as a result of the plaintiffs' failure to provide proper benefits under the Agreement.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Defendants have made all payments at issue in the Complaint and have submitted all reports at issue in the Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable defenses of waiver, estoppel, laches, and/or unclean hands.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate the damages stated in the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they never notified defendants of any default regarding payment or the issuance of reports, and they never made a demand for payment or for the issuance of reports.

## AS AND FOR A FIRST COUNTERCLAIM

1. The plaintiffs are required to provide proper health insurance coverage for all employees covered under the Agreement.

2. In direct violation of the Agreement, plaintiffs failed to provide proper health insurance coverage for its employees.

3. Due to the plaintiffs' breach of the Agreement, the defendants lost many valuable employees.

4. In order to prevent more employees from leaving, defendants made health insurance payments on their behalf.

5. Defendants also purchased Oxford Plan health insurance coverage for certain employees.

6. The wrongful acts of the plaintiffs in failing to provide proper health insurance coverage to covered employees is a material breach of the Agreement, as well as a material breach of the implied covenant of good faith and fair dealing.

7. As a direct and proximate result of the foregoing, defendants have been damaged in an amount presently unknown, but believed to be thousands of dollars.

8. By reason of the foregoing, defendants are entitled to judgment against the plaintiffs in an amount to be determined, together with the costs and disbursements of this action, including reasonable attorneys' fees.

**WHEREFORE**, defendants respectfully request this Court to dismiss the plaintiffs' Complaint, and award the defendants monetary damages for monies expended as a result of the plaintiffs' failure to provide proper health insurance benefits, together with the costs and disbursements of this action, including reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        October 15, 2007

By: _____
Ira N. Glauber, Esq.
Jaffe & Asher LLP
600 Third Avenue
New York, New York 10016
Tel No.: (212) 687-3000
Attorneys for Defendants
Pinnacle Managing Co., LLC,
Realty Corp., LLC a/k/a
3647 Realty Co., LLC a/k/a
3657 Realty Co., LLC, and
Wiener Realty, LLC

To: Kellie Walker, Esq.
    Barnes, Iaccarino, Virginia, Ambinder
    & Shepherd, PLLC
    111 Broadway, Suite 1403
    New York, New York 10006
    Tel No.: (212) 943-9080

M:\Litigation\Wiener\Wiener\Cruz vs. Pinnacle\Pleadings\Answer with Counterclaim.doc