# Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
## ATTORNEYS AT LAW

ROY BARNES*
RICCARDO IACCARINO
CHARLES R. VIRGINIA**
LLOYD R. AMBINDER**
WENDELL V. SHEPHERD

OF COUNSEL:

MARC A. TENENBAUM^***
ALBERT RODRIGUES
GIACCHINO RUSSO

KARIN ARROSPIDE
DANIELLE M. CARNEY
NICOLE E. COHEN
DANA L. HENKE^
STEVEN KERN^^
SAMER E. KHALAF**+
LADONNA M. LUSHER
HEIDI MAHER
GILLIAN MCGOEY^^
JAMES E. MURPHY
KELLIE TERESE WALKER
JUDY S. WONG

TRINITY CENTRE
111 BROADWAY
SUITE 1403
NEW YORK, NEW YORK 10006
TEL (212) 943-9080
FAX (212) 943-9082

*(Please refer all correspondence to the New York address)*

258 Saw Mill River Road
258 Saw Mill River Road
Elmsford, New York 10523
Tel (914) 592-5740
Fax (914) 592-3213

3 Surrey Lane
Hempstead, N.Y. 11550
Tel (516) 483-2990
Fax (516) 483-0566

5 Mountain Avenue
North Plainfield, N.J. 07060
Tel (908) 757-2067
Fax (908) 753-2238

\*     Also Admitted in PA
\*\*    Also Admitted in NJ
\*\*\*   Also Admitted in OH
^     Also Admitted in DC
^^    Also Admitted in CT
+     Also Admitted in MD

October 17, 2007

*Via ECF*

Hon. George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 755
New York, New York 10007

      Re:    <u>Cruz, et al. v. Pinnacle Managing Co., LLC, et al.</u>
              *Dkt. No. 07-cv-6391 (GBD)*

Dear Judge Daniels:

      We represent Plaintiffs in the above-referenced matter. On July 12, 2007, Plaintiffs commenced this action against Defendants under the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. § 1001, *et seq.*, for collection of delinquent contributions and under the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, for breach of a collective bargaining agreement. Plaintiffs also seek an order directing Defendants to permit and cooperate in the conduct of a payroll audit of their books and records to determine Defendants' compliance in payment of employee fringe benefit contributions. In furtherance of Plaintiffs' claim against Defendants for a payroll audit, and based on Defendants' long-standing conduct in evading and/or avoiding its obligations to cooperate in the performance of an audit, Plaintiffs respectfully seek an order from this Court: 1) compelling Defendants' cooperation in the conduct of an audit; 2) awarding attorneys' fees and costs associated with Plaintiffs' instant application to the Court; and 3) such other and further relief as the Court may deem just and proper. In support of Plaintiffs' application to this Court, please find enclosed the

Hon. George B. Daniels, U.S.D.J.                  2                 October 17, 2007

Declaration of Kellie Terese Walker ("Walker Declaration"), dated October 17, 2007, and the Declaration of Joseph Muzzillo ("Muzzillo Declaration"), dated October 17, 2007.

     In accordance with Plaintiffs' Payroll Audit and Contribution and Collection Policies, Plaintiffs seek a payroll audit of Defendants' books and records to determine whether Defendants have complied with their obligations under collective bargaining agreements to which Defendants are signatories. During the period from June 2006 through October 2007, Plaintiffs' auditors repeatedly attempted to schedule an audit with Defendants. Muzzillo Declaration, ¶¶ 5-16. Despite Plaintiffs' auditors' persistent attempts over a 16-month period, Defendants failed to schedule the audit. During the period from August 28, 2007 to October 15, 2007, on behalf of Plaintiffs, we repeatedly attempted to obtain Defendants' cooperation in the scheduling and conduct of an audit. Walker Declaration, ¶¶ 9-21; Exhibits A-I. In response, Defendants agreed to the scheduling and conduct of an audit on or before October 15, 2007, which was a condition of the parties' Stipulation extending Defendants' time to respond to the Complaint. *Id.* at ¶¶ 9-15; Exhibits A-E. However, despite their agreement under the Stipulation, Defendants have failed to schedule the audit. *Id.*

     Plaintiffs' numerous attempts to obtain Defendants' compliance with their audit obligations - particularly since the instant action was commenced – have been at considerable time and cost, including attorneys' and auditors' fees. Accordingly, Plaintiffs respectfully request an order compelling Defendants' cooperation in the conduct of an audit. Further, in light of Defendants' conduct in evading and avoiding the audit, Plaintiffs respectfully request attorneys' fees and costs associated with Plaintiffs' application and such other and further relief as the Court may deem just and proper.

                                                                        Respectfully submitted,

                                                                       Kellie Terese Walker

KTW:aa
Enclosures

cc:     For Defendant:

          Mark Paul Monack, Esq. (via ECF)