UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEPHTY CRUZ, *et al.*,

                        Plaintiffs,

       -against-

PINNACLE MANAGING CO., LLC, *et al.*,

                        Defendants.

07 Civ. 6391 (GBD)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE AFFIRMATIVE DEFENSE OF SETOFF

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
  Charles R. Virginia (CV 8214)
  Marc A. Tenenbaum (MT 3426)
Trinity Centre
111 Broadway
Suite 1403
New York, New York 10006
(212) 943-9080

March 31, 2008                        Attorneys for Plaintiffs

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 2

      I.     STANDARDS GOVERNING MOTIONS TO DISMISS
           AND TO STRIKE ................................................................................... 2

      II.    ERISA PREEMPTS THE EMPLOYERS' COUNTERCLAIM ................... 2

      III.   SETOFF IS NOT A VALID DEFENSE TO THE PLAN'S CLAIMS ......... 4

CONCLUSION ..................................................................................................................... 5

## INTRODUCTION

This is an action under section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, to collect contributions to the District 6 Health Plan (the "Plan") in accordance with the terms of collective bargaining agreements ("CBAs") between District 6, International Union of Industrial, Service, Transport, and Health Employees (the "Union") and defendants Pinnacle Managing Co., LLC; Realty Corp., LLC; and Wiener Realty, LLC (the "Employers"). The Plan is a jointly-administered labor-management trust fund established under section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). The Plan is an intended third-party beneficiary of the CBAs. Plaintiffs are trustees of the Plan, and bring this action in their fiduciary capacities. The Union is not a party to this case.

Although the Plan is not a party to the CBAs, the Employers have filed a counterclaim for breach of contract and breach of an implied covenant of good faith and fair dealing. (Counterclaim, ¶ 6.) The counterclaim alleges that the Plan somehow had a contractual obligation, enforceable by the Employers, "to provide proper health insurance coverage for all employees covered under the Agreement." (*Id.*, ¶ 1.) The counterclaim alleges that the Plan breached this alleged obligation, and thereby caused the Employers to lose employees and to incur expenses. (*Id.*, ¶¶ 2-5, 7.) In addition, the Employers' answer includes a "Second Affirmative Defense" alleging that "Defendant is entitled to a setoff against all amounts demanded for monies expended as a result of the plaintiffs' failure to provide proper benefits under the Agreement."

As discussed below, the Employers' counterclaim is preempted by ERISA, and their affirmative defense of setoff is not legally viable. Accordingly, the counterclaim should be dismissed and the setoff defense should be stricken.

## ARGUMENT

### I. STANDARDS GOVERNING MOTIONS TO DISMISS AND TO STRIKE

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be granted only if "it appears beyond doubt that [the non-moving party] can prove no set of facts in support of his claim that would entitle him to relief." *Levitt v. Bear Stearns & Co.*, 340 F.3d 94, 101 (2d Cir. 2003). In evaluating a motion to dismiss, the Court should accept as true the non-moving party's factual allegations and draw all reasonable inferences in its favor. *Bolt Elec., Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995). Similarly, under Rule 12(f) of the Federal Rules of Civil Procedure, a motion to strike an affirmative defense should be granted only if it is legally insufficient and causes prejudice to the moving party. *Cohen v. Elephant Wireless, Inc.*, 2004 WL 1872421, at *2 (S.D.N.Y. Aug. 19, 2004). For example, "a court should strike a defense to eliminate the delay and unnecessary expense from litigating an invalid claim when it is insufficient as a matter of law." *Id.*

### II. ERISA PREEMPTS THE EMPLOYERS' COUNTERCLAIM

Section 514 of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Section 514(c)(1) of ERISA provides that "[t]he term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). The Supreme Court has repeatedly emphasized that section 514 of ERISA is "broadly worded" and "'expansive.'" *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001) (citations omitted). A state law "relates to" an employee benefit plan, and is thus preempted, "if it has a connection with or

- 2 -

reference to such a plan." *Id.* at 147 (citation and internal quotation marks omitted). In particular, the Supreme Court has made clear that ERISA preempts common-law claims for breach of contract that relate to employee benefit plans. *See, e.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987). Similarly, in the field of employee benefits litigation, ERISA preempts claims for breach of common-law duties of good faith and fair dealing. *See, e.g., Weiss v. CIGNA Healthcare, Inc.*, 972 F. Supp. 748, 751 (S.D.N.Y. 1997).

The Supreme Court has "observed repeatedly that ERISA is a 'comprehensive and reticulated statute,' the product of a decade of study of the Nation's private employee benefit system." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (citations omitted). The Court has "noted that ERISA's 'carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Id.* (emphasis in original; citations and internal quotation marks omitted). Consequently, the Court has been "especially 'reluctant to tamper with [the] enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text." *Id.* (citations omitted).

Section 502(a)(1)(B) of ERISA specifically authorizes a "participant or beneficiary" to file suit "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Therefore, if the Plan improperly failed to pay health benefits to its participants who were employed by the counterclaimant Employers, then section 502(a)(1)(B) of ERISA would provide those individual participants with a mechanism to seek recovery of those benefits. By contrast, ERISA does not authorize *employers* to file suit to redress a plan's alleged failure to pay benefits

- 3 -

to participants. ERISA authorizes suits by employers only in very limited circumstances.[1] Except in those circumstances, none of which are present here, employers have no standing to sue under ERISA. *See, e.g.*, *Tuvia Convalescent Center, Inc. v. National Union of Hospital and Health Care Employees*, 717 F.2d 726, 730 (2d Cir. 1983).

In the instant case, the Employers should not be permitted to circumvent their lack of ERISA standing by characterizing their claim as arising under state common law. The Congressional policies underlying ERISA's preemption provision are especially strong when applied to state-law claims that affect relationships among "core ERISA entities," such as a plan's participants, employers, fiduciaries, and the plan itself. *Gerosa v. Savasta & Co.*, 329 F.3d 317, 324 (2d Cir. 2003). These are the very relationships that underlie the Employers' counterclaim, which alleges that the Plan and/or its trustees improperly failed to pay benefits to the Plan's participants. These subjects are regulated solely by federal law, and the Employers' state-law counterclaim should be dismissed.

### III.   SETOFF IS NOT A VALID DEFENSE TO THE PLAN'S CLAIMS

The Employers' affirmative defense of setoff is a variation on the same theme, and is likewise invalid as a matter of law. "'The right of setoff . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A.'" *Westinghouse Credit Corp. v. D'Urso*, 278 F.3d 138, 149 (2d Cir. 2002) (citations omitted). In the instant case, there is no viable setoff defense because there is no mutual debt.

The Employers' setoff defense is based on the false premise that the Plan owes money to the Employers as a result of the Plan's alleged "failure to pay proper benefits" to its participants. As discussed above, any claim by the Employers against the Plan is preempted by ERISA. As a

---

[1] *See, e.g.*, 29 U.S.C. § 1132(a)(8) (authorizing employers to sue to enforce certain statutory notice requirements); 29 U.S.C. § 1303(f)(1) (authorizing employers to sue the Pension Benefit Guaranty Corporation); 29 U.S.C. § 1451(a)(1) (authorizing employers to sue concerning pension plan withdrawal liability).

result, there is no debt from the Plan to the Employers that could conceivably be set off against the Employers' debt to the Plan for delinquent contributions. Consequently, to avoid unnecessarily complicating this litigation, the Court should make clear at the outset that setoff is not a legitimate defense to the Plan's claims.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion should be granted. The Employers' counterclaim should be dismissed and their affirmative defense of setoff should be stricken.

Dated: New York, New York  
       March 31, 2008

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,  
AMBINDER & SHEPHERD, PLLC

By: /s/ *Marc A. Tenenbaum*  
   Charles R. Virginia (CV 8214)  
   Marc A. Tenenbaum (MT 3426)  
Trinity Centre  
111 Broadway, Suite 1403  
New York, New York 10006  
(212) 943-9080

Attorneys for Plaintiffs