UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOARD OF TRUSTEES OF THE DISTRICT 6
HEALTH PLAN,

                              Plaintiffs,

-against-

PINNACLE MANAGING CO., LLC; REALTY
CORP., LLC, a/k/a 3647 REALTY CO., LLC, a/k/a
3657 REALTY CO., LLC, a/k/a 3647 AND 3657
REALTY CO., LLC; and WIENER REALTY, LLC,

                              Defendants.



07 Civ. 6391 (GBD)

**FIRST AMENDED COMPLAINT**

---

Plaintiffs, as Trustees of the District 6 Health Plan (the "Plan"), by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for their First Amended Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to Sections 502(a)(3), 502(g) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1132(g) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, to collect mandatory employer contributions to a multiemployer welfare benefit plan. As described below, the Defendants violated ERISA, the LMRA, the Plan documents, and a series of collective bargaining agreements ("CBAs") by failing and refusing to pay the required monetary contributions to the Plan.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## STAUTORY SERVICE

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), copies of this First Amended Complaint have been sent by certified mail to the Secretaries of Labor and Treasury.

## PARTIES

5. The Plan is a multiemployer labor-management employee benefit trust fund established in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Plan is a multiemployer employee benefit plan within the meaning of Sections 3(2), 3(3), 3(37), and 515 of ERISA, 29 U.S.C. §§ 1002(2), (3), (37) and 1145. The Plan is administered at 730 Broadway, New York, New York 10003. Plaintiffs are "fiduciaries" of the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6. Defendant Pinnacle Managing Co., LLC is a limited liability company organized under the laws of the State of New York, and is controlled by Joel S. Wiener. Its principal place of business is located at One Penn Plaza, Suite 4000, New York, New York 10119.

7. Defendant Realty Corp., LLC a/k/a 3647 Realty Co., LLC a/k/a 3657 Realty Co., LLC a/k/a 3647 and 3657 Realty Co., LLC constitutes one or more limited liability companies organized under the laws of the State of New York, controlled by Joel S. Wiener, with a principal place of business located at One Penn Plaza, Suite 4000, New York, New York 10119.

8. Defendant Wiener Realty, LLC is a limited liability company organized under the laws of the State of New York, and is controlled by Joel S. Wiener. Its principal place of business is located at One Penn Plaza, Suite 4000, New York, New York 10119.

## BACKGROUND

9. At all relevant times, one or more of the Defendants and/or their predecessors (the "Employers") were employers within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and employers in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

10. The Plan's purpose is to provide health benefits to its participants and their beneficiaries pursuant to an Agreement and Declaration of Trust (the "Trust Agreement") and Plan documents promulgated in accordance therewith.

11. At all relevant times, the Employers were parties to CBAs with District 6, International Union of Industrial, Service, Transit, and Health Employees (the "Union"), under which the Employers were required to make periodic monetary contributions to the Plan in connection with work performed by the Employers' employees at 111 Worth Street, New York, New York; 3647 Broadway, New York, New York; and 3657 Broadway, New York, New York.

12. The Plan is an intended third-party beneficiary of the CBAs.

13. The Plan has promulgated a Payroll Audit and Contribution Collection Policy and Resolution (the "Policy") that requires employers to make timely contributions and submit timely reports to the Plan and cooperate with a Payroll Audit by the Plan, and renders employers liable for unpaid contributions, interest, liquidated damages, costs of audit and collection, attorneys' fees, and other relief, as well as direct responsibility for their employees' health claims, in case of delinquency and default.

## FIRST CLAIM FOR RELIEF

14. Plaintiffs repeat the allegations set forth in paragraphs 1 through 13 above and incorporate them herein by reference.

15. Pursuant to the CBAs, as a result of work performed at 111 Worth Street by individual employees of the Employers from June 1, 2001 through the present, the Employers were required to make contributions to the Plan in specified amounts.

16. In connection with work performed at 111 Worth Street, the Employers failed and refused to make $117,705.00 in required contributions to the Plan for the period January 1, 2005 through September 30, 2007, and additional required contributions to the Plan, in unknown amounts to be determined by a Court-ordered audit, for the period June 1, 2001 through December 31, 2004, and the period October 1, 2007 through the present.

17. The Employers' failure and refusal to make the required contributions to the Plan violates the CBA, the Trust Agreement, and the Policy.

18. Under the LMRA, the CBA, the Trust Agreement, and the Policy, the Employers are liable to the Plan for contributions of $117,705.00 for the period January 1, 2005 through September 30, 2007, and additional contributions in an unknown amount to be determined by a Court-ordered audit covering the periods June 1, 2001 through December 31, 2004, and October 1, 2007 through the present, plus interest on the foregoing known and unknown amounts at ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the principal known and unknown amounts owed, audit fees, attorneys' fees, and costs.

## SECOND CLAIM FOR RELIEF

19. Plaintiffs repeat the allegations set forth in paragraphs 1 through 18 above and incorporate them herein by reference.

20. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay contributions to employee benefit plans in accordance with the terms and conditions of collective bargaining agreements.

21. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid contributions, plus statutory damages and interest on the unpaid principal, both computed at the rate provided for under the plaintiff fund's plan or, if none, at the rate applicable to the underpayment of taxes determined under section 6621 of the Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees, costs and disbursements incurred in the action.

22. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Employers are liable to the Plan, in connection with work performed at 111 Worth Street, for contributions of $117,705.00 for the period January 1, 2005 through September 30, 2007, and additional contributions in an unknown amount to be determined by a Court-ordered audit covering the periods June 1, 2001 through December 31, 2004, and October 1, 2007 through the present, plus interest on the foregoing known and unknown amounts at ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the principal known and unknown amounts owed, audit fees, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF

23. Plaintiffs repeat the allegations set forth in paragraphs 1 through 22 above and incorporate them herein by reference.

24. Pursuant to the CBAs, as a result of work performed at 3647 Broadway and 3657 Broadway by individual employees of the Employers from June 1, 2001 through the present, the Employers were required to make contributions to the Plan in specified amounts.

25. In connection with work performed at 3647 Broadway and 3657 Broadway, the Employers failed and refused to make $120,070.00 in required contributions to the Plan for the

period January 1, 2005 through September 30, 2007, and additional required contributions to the Plan, in unknown amounts to be determined by a Court-ordered audit, for the period June 1, 2001 through December 31, 2004, and the period October 1, 2007 through the present.

26. The Employers' failure and refusal to make the required contributions to the Plan violates the CBA, the Trust Agreement, and the Policy.

27. Under the LMRA, the CBA, the Trust Agreement, and the Policy, the Employers are liable to the Plan for contributions of $120,070.00 for the period January 1, 2005 through September 30, 2007, and additional contributions in an unknown amount to be determined by a Court-ordered audit covering the periods June 1, 2001 through December 31, 2004, and October 1, 2007 through the present, plus interest on the foregoing known and unknown amounts at ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the principal amount owed, audit fees, attorneys' fees, and costs.

## **FOURTH CLAIM FOR RELIEF**

28. Plaintiffs repeat the allegations set forth in paragraphs 1 through 27 above and incorporate them herein by reference.

29. Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Employers are liable to the Plan, in connection with work performed at 3647 Broadway and 3657 Broadway, for contributions of $120,070.00 for the period January 1, 2005 through the present, and additional contributions in an unknown amount to be determined by a Court-ordered audit covering the periods June 1, 2001 through December 31, 2004, and October 1, 2007 through the present, plus interest on the foregoing known and unknown amounts at ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the principal amount owed, audit fees, attorneys' fees, and costs.

## FIFTH CLAIM FOR RELIEF

30. Plaintiffs repeat the allegations set forth in paragraphs 1 through 29 above and incorporate them herein by reference.

31. Under ERISA, the Trust Agreement, and the Policy, the Plan is entitled to audit the Employers' financial records, including but not limited to payroll ledgers, federal and state tax returns, IRS Forms 941, and such other books and records of the Employers as are reasonably necessary for the auditor to determine whether the Employers have made the proper contributions to the Plan ("Audits").

32. Despite demand, the Employers have failed and refused to provide the Plan with the financial records necessary to conduct Audits in connection with work performed by the Employers' employees at 111 Worth Street, 3647 Broadway, and 3657 Broadway during the periods June 1, 2001 through December 31, 2004 and October 1, 2007 through the present.

33. Plaintiffs have no adequate remedy at law to redress the Employers' failure to provide the Plan with the financial records necessary to conduct Audits covering the foregoing periods.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(1) Award Plaintiffs judgment on their First Claim for Relief for contributions of $117,705.00 for the period January 1, 2005 through September 30, 2007, and additional contributions in an unknown amount to be determined by a Court-ordered audit covering the periods June 1, 2001 through December 31, 2004, and October 1, 2007 through the present, plus interest on the foregoing known and unknown amounts at ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the principal known and unknown amounts owed, audit fees, attorneys' fees, and costs;

(2) Award Plaintiffs judgment on their Second Claim for Relief for contributions of $117,705.00 for the period January 1, 2005 through September 30, 2007, and additional contributions in an unknown amount to be determined by a Court-ordered audit covering the periods June 1, 2001 through December 31, 2004, and October 1, 2007 through the present, plus interest on the foregoing known and unknown amounts at ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the principal known and unknown amounts owed, audit fees, attorneys' fees, and costs;

(3) Award Plaintiffs judgment on their Third Claim for Relief for contributions of $120,070.00 for the period January 1, 2005 through September 30, 2007, and additional contributions in an unknown amount to be determined by a Court-ordered audit covering the periods June 1, 2001 through December 31, 2004, and October 1, 2007 through the present, plus interest on the foregoing known and unknown amounts at ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the principal known and unknown amounts owed, audit fees, attorneys' fees, and costs;

(4) Award Plaintiffs judgment on their Fourth Claim for Relief for contributions of $120,070.00 for the period January 1, 2005 through September 30, 2007, and additional contributions in an unknown amount to be determined by a Court-ordered audit covering the periods June 1, 2001 through December 31, 2004, and October 1, 2007 through the present, plus interest on the foregoing known and unknown amounts at ten percent (10%) per annum, liquidated damages of twenty percent (20%) of the principal known and unknown amounts owed, audit fees, attorneys' fees, and costs;

(5) On Plaintiffs' Fifth Claim for Relief, order the Employers to provide the Plan and its auditor with access to the Employers' financial records for the periods June 1, 2001 through

December 31, 2004, and October 1, 2007 through the present, including but not limited to payroll ledgers, federal and state tax returns, IRS Forms 941, and such other books and records of the Employers as are reasonably necessary for the Plan and its auditor to determine whether the Employers have made the proper contributions to the Plan; and

    (6)    Award Plaintiffs such further legal, equitable, or other relief as is just and proper.

Dated: New York, New York  
       June 4, 2008

Respectfully submitted,

BARNES, IACCARINO, VIRGINIA,  
AMBINDER & SHEPHERD, PLLC

By: /s/ Marc Tenenbaum  
Charles R. Virginia (CV 8214)  
Marc A. Tenenbaum (MT 3426)  
Trinity Centre  
111 Broadway, Suite 1403  
New York, New York 10006  
(212) 943-9080

Attorneys for Plaintiffs