UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BOARD OF TRUSTEES OF THE DISTRICT :
6 HEALTH PLAN,

                                   :

        Plaintiffs,                   **No. 07 Civ. 6391 (GBD)**

                                   :

-against-                             **ANSWER TO FIRST AMENDED**

                                   :      **COMPLAINT AND COUNTERCLAIMS**

PINNACLE MANAGING CO., LLC,
REALTY CORP., LLC, a/k/a 3647 REALTY :
CO., LLC, a/k/a 3657 REALTY CO., LLC
AND WIENER REALTY, LLC,         :

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

BOARD OF TRUSTEES OF THE DISTRICT :
6 HEALTH PLAN, DISTRICT 6
INTERNATIONAL UNION OF INDUSTRIAL :
SERVICE, TRANSPORT AND HEALTH
EMPLOYEES,                        :

        Plaintiffs-Third Party Defendant,        **THIRD-PARTY COMPLAINT**

                                   :

-against-                             :

PINNACLE MANAGING CO., LLC,
REALTY CORP., LLC, a/k/a 3647 REALTY
CO., LLC, a/k/a 3657 REALTY CO., LLC
AND WIENER REALTY, LLC,

        Defendants-Third Party Plaintiffs.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Defendants Pinnacle Managing Co., LLC, Realty Corp., LLC, a/k/a 3647 Realty Co.,

LLC, a/k/a 3657 Realty Co., LLC, and Wiener Realty, LLC (collectively, "Employers"), by their

attorneys, McDermott Will & Emery LLP, hereby answer the First Amended Complaint

("Amended Complaint") of plaintiffs, as Trustees of the District 6 International Union of Industrial Service, Transport and Health Employees Health Plan (the "Plan"), bring counterclaims against the Plan and third-party claims against District 6 International Union of Industrial Service, Transport and Health Employees (the "Union"):

## NATURE OF THE ACTION

1.    Aver that the allegations contained in paragraph 1 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent paragraph 1 contains factual allegations, Employers deny each and every allegation contained therein. Answering further, Employers respectfully refer the Court to the statutes referenced in paragraph 1 of the Amended Complaint for the true and correct content thereof.

## JURISDICTION AND VENUE

2.    Admit the allegations contained in paragraph 2 of the Amended Complaint.

3.    Admit the allegations contained in paragraph 3 of the Amended Complaint.

## STATUTORY SERVICE

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint.

## PARTIES

5.    Aver that the allegations contained in paragraph 5 of the Amended Complaint state legal conclusions to which no response is required. Notwithstanding the foregoing, to the extent paragraph 5 contains factual allegations, Employers deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. Answering further, Employers respectfully refer the Court to the statutes referenced in paragraph 5 of the Amended Complaint for the true and correct content thereof.

6.     Aver that the allegations contained paragraph 6 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent paragraph 6 contains factual allegations, defendant Pinnacle Managing Co. admits that it is a New York Limited Liability Company with its principal place of business located at One Penn Plaza, Suite 4000, New York, New York 10119.

7.     Aver that the allegations contained paragraph 7 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent paragraph 7 contains factual allegations, defendant Realty Corp., LLC a/k/a 3647 Realty Co., LLC a/k/a 3657 Realty Co., LLC admits that it is a New York Limited Liability Company with its principal place of business located at One Penn Plaza, Suite 4000, New York, New York 10119.

8.     Aver that the allegations contained paragraph 8 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent paragraph 8 contains factual allegations, defendant Wiener Realty, LLC admits that it is a New York Limited Liability Company with its principal place of business located at One Penn Plaza, Suite 4000, New York, New York 10119.

## **BACKGROUND**

9.     Aver that the allegations contained in paragraph 9 of the Amended Complaint state legal conclusions to which no response is required.  Answering further, Employers respectfully refer the Court to the statutes referenced in paragraph 9 of the Amended Complaint for the true and correct content thereof.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint, and aver that the contents of the Trust Agreement and Plan documents referenced therein speak for themselves.

11.    Deny each and every allegation contained in paragraph 11 of the Amended Complaint, except admit that Employers were and are parties to collective bargaining agreements ("CBAs") with the Union, the contents of which CBAs speak for themselves. Answering further, Employers aver that they were not required to make contributions to the Plan on behalf of their bargaining unit employees at 111 Worth Street.

12.    Aver that the allegations contained in paragraph 12 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent paragraph 12 contains factual allegations, Employers deny that the Plan is an intended third-party beneficiary with respect to the CBAs covering Employers' bargaining unit employees at 111 Worth Street.

13.    Deny each and every allegation contained in paragraph 13 of the Amended Complaint, except admit the existence of the Contribution Collection and Payroll Audit Policy (the "Policy"), which Policy was adopted May 1, 2006, and the content of which speaks for itself. Answering further, Employers aver that the Policy is not incorporated by reference into any of the applicable CBAs.

**<u>FIRST CLAIM FOR RELIEF</u>**

14.    Incorporate the responses made to paragraphs 1 through 13 of the Amended Complaint as if fully set forth herein.

15.    Deny each and every allegation contained in paragraph 15 of the Amended Complaint, and aver that there is no CBA (to which Employers were party) governing 111 Worth Street prior to January 1, 2003, the approximate date Employers opened and began operating the building.

16.    Deny each and every allegation contained in paragraph 16 of the Amended Complaint, and aver that there is no CBA (to which Employers were party) governing 111 Worth

Street prior to January 1, 2003, the approximate date Employers opened and began operating the building.

17.    Aver that the allegations contained in paragraph 17 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent paragraph 17 contains factual allegations, Employers deny each and every allegation contained therein.

18.    Aver that the allegations contained in paragraph 18 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent paragraph 18 contains factual allegations, Employers deny each and every allegation contained therein.  Answering further, Employers aver that there is no CBA (to which Employers were party) governing 111 Worth Street prior to January 1, 2003, the approximate date Employers opened and began operating the building.

<u>**SECOND CLAIM FOR RELIEF**</u>

19.    Incorporate the responses made to paragraphs 1 through 18 of the Amended Complaint as if fully set forth herein.

20.    Aver that the allegation contained in paragraph 20 of the Amended Complaint states a legal conclusion to which no response is required.  Answering further, Employers respectfully refer the Court to the statute referenced in paragraph 20 of the Amended Complaint for the true and correct content thereof.

21.    Aver that the allegations contained in paragraph 21 of the Amended Complaint state a legal conclusion to which no response is required.  Answering further, Employers respectfully refer the Court to the statutes referenced in paragraph 21 of the Amended Complaint for the true and correct content thereof.

22.    Aver that the allegations contained in paragraph 22 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent paragraph 22 contains factual allegations, Employers deny each and every allegation contained therein, and aver that there is no CBA (to which Employers were party) governing 111 Worth Street prior to January 1, 2003, the approximate date Employers opened and began operating the building.  Answering further, Employers respectfully refer the Court to the statute referenced in paragraph 22 of the Amended Complaint for the true and correct content thereof.

**THIRD CLAIM FOR RELIEF**

23.    Incorporate the responses made to paragraphs 1 through 22 of the Amended Complaint as if fully set forth herein.

24.    Deny each and every allegation contained in paragraph 24 of the Amended Complaint, except admit that Defendant Realty Corp., LLC was and is a party to CBAs with the Union, the contents of which CBAs speak for themselves.

25.    Deny each and every allegation contained in paragraph 25 of the Amended Complaint.

26.    Aver that the allegations contained in paragraph 26 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent paragraph 26 contains factual allegations, Employers deny each and every allegation contained therein.

27.    Aver that the allegations contained in paragraph 27 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent paragraph 27 contains factual allegations, Employers deny each and every allegation contained therein.

## **FOURTH CLAIM FOR RELIEF**

28.    Incorporate the responses made to paragraphs 1 through 27 of the Amended Complaint as if fully set forth herein.

29.    Aver that the allegations contained in paragraph 29 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent paragraph 29 contains factual allegations, Employers deny each and every allegation contained therein.  Answering further, Employers respectfully refer the Court to the statute referenced in paragraph 29 of the Amended Complaint for the true and correct content thereof.

## **FIFTH CLAIM FOR RELIEF**

30.    Incorporate the responses made to paragraphs 1 through 29 of the Amended Complaint as if fully set forth herein.

31.    Aver that the allegations contained in paragraph 31 of the Amended Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent paragraph 31 contains factual allegations, Employers deny each and every allegation contained therein.  Answering further, Employers respectfully refer the Court to the statute referenced in paragraph 31 of the Amended Complaint for the true and correct content thereof.

32.    Deny each and every allegation contained in paragraph 32 of the Amended Complaint, and aver that there is no CBA (to which Employers were party) governing 111 Worth Street prior to January 1, 2003, the approximate date Employers opened and began operating the building.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint.

34.    Deny each and every allegation contained in the numbered paragraphs (1) through (6) of the WHEREFORE clause of the Amended Complaint and further deny that the Plan is entitled to the requested relief or any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

35.    The Plan's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### SECOND AFFIRMATIVE DEFENSE

36.    The Plan is not a party and/or a third-party beneficiary and, therefore, may lack the capacity to sue.

### THIRD AFFIRMATIVE DEFENSE

37.    The Plan's audits wrongfully included non-bargaining unit employees in its calculation of unpaid contributions.

### FIRST COUNTERCLAIM AND CLAIM

1.    District 6 International Union of Industrial, Service and Transit and Health Employees (the "Union") is a labor organization with its offices at 254 West 31st Street, New York, New York 10001, that acts as agent for the District 6 Health Plan (the "Plan") and in concert with the Plan.

2.    Upon information and belief, the Plan, by and through the President of the Union, William Perry, knowingly made false and misleading statements of material fact during contract negotiations to the effect that the Plan would provide comprehensive medical coverage for Employers' bargaining unit employees.

3.    Relying on Mr. Perry's representations described above in paragraphs 2 and 3, Employers agreed to contribute to the Plan for purposes of providing comprehensive medical coverage for their employees.

4.    Employers made contributions to the Plan for a period of time based on Mr. Perry's assurances that in return Employers' employees would have comprehensive medical coverage.

5.    After making contributions to the Plan, Employers learned that their employees -- upon whose behalf Employers' were making contributions -- were systematically denied coverage and/or reimbursement for even routine medical claims.

6.    Upon information and belief, the Plan and the Union perpetrated a fraudulent scheme whereby the Plan would willfully and knowingly refuse to process participants' claims and would deny coverage for pretextual reasons.

7.    The fraudulent scheme perpetrated by the Plan and the Union was designed to lure Employers into making monetary contributions purportedly for medical coverage for Employers' bargaining unit employees when, in actuality, the Plan provided little to no medical coverage to such employees.

8.    The Plan and the Union knew that their conduct constituted a fraud on Employers and would result in, and did result in, payments in the form of monetary contributions made on the behalf of Employers' bargaining unit employees for medical coverage that was not provided.

9.    Employers reasonably and justifiably relied on the misrepresentations in agreeing and continuing to make contributions to the Plan.

10.    Each of the Employers has been damaged by the wrongful conduct, which caused Employers to make contributions on behalf of their bargaining unit employees but for whom medical coverage was not provided.

11.    Employers were forced to purchase supplemental HIP Health Plan of New York ("HIP") for their employees in an effort to provide medical coverage and to retain valuable employees.

12.    The fraudulent conduct, as alleged herein, was done purposefully, maliciously, recklessly and without regard for the rights and interests of Employers.

13.    As a direct and proximate result of the foregoing, Employers have been damaged in an amount presently unknown, but believed to be hundreds of thousands of dollars.

14.    By reason of the foregoing, Employers are entitled to judgment against the Plan and the Union in an amount to be determined, together with the costs and disbursements of this action, including reasonable attorneys' fees.

## SECOND COUNTERCLAIM AND CLAIM

15.    Employers repeat the allegations set forth in paragraphs 1 through 12 above and incorporate them herein by reference.

16.    Upon information and belief, the Plan, by and through Union President Mr. Perry, knowingly made false and misleading statements of material fact and omitted to state material facts during contract negotiations concerning the Plan's compliance with all Labor Relations Management Act, Employee Retirement Income Security Act, Internal Revenue Service and Department of Labor regulations and statutory requirements.

17.    Employers did rely on Mr. Perry's representations concerning the Plan's compliance with all regulations and statutory requirements.

18.    Upon information and belief, Mr. Perry's representations were untrue and were known to be untrue when made.

19.    The fraudulent conduct, as alleged herein, was done purposefully, maliciously, recklessly and without regard for the rights and interests of Employers.

20.    As a direct and proximate result of the foregoing, Employers have been damaged in an amount presently unknown, but believed to be hundreds of thousands of dollars.

21.    By reason of the foregoing, Employers are entitled to judgment against the Plan and the Union in an amount to be determined, together with the costs and disbursements of this action, including reasonable attorneys' fees.

WHEREFORE, Employers respectfully request this Court to dismiss the Amended Complaint, and award Employers monetary damages for monies expended as a result of the fraudulent conduct, together with the costs and disbursements of this action, including reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        June 23, 2008

                                        McDERMOTT WILL & EMERY LLP

                            By: _____
                                    Joel E. Cohen (JC 5312)
                                    Katherine D. Kale (KK 7586)
                                    340 Madison Avenue
                                    New York, New York 10173
                                    (212) 547-5400

                                    Attorneys for Pinnacle Managing Co. LLC,
                                    *et al.*

NYK 1164089-1.054475.0022