### DISTRICT 6 HEALTH PLAN

### CONTRIBUTION COLLECTION AND PAYROLL AUDIT POLICY

### (Adopted May 1, 2006)

The Independent Fiduciary and Board of Trustees (together the "Trustees") of the District 6 Health Plan ("Fund") hereby adopt the following policy for contributions and for conducting payroll audits:

### Section 1

### General Policy

It is the policy of the Fund to collect all employer contributions as they are due, and to make such diligent and systematic audit efforts as are appropriate under the circumstances to do so.

If an employer ceases to have an obligation to contribute to the Fund pursuant to the Fund's Declarations of Trust, a collective bargaining agreement or applicable law, the employer shall remain subject to this Policy for those periods of time it was obligated to contribute to the Fund.

The Trustees have the legal right to exercise all remedies allowable under the Fund's Agreement and Declaration of Trust, Plan Document(s), Participation Agreements, and under the Employee Retirement Income Security Act ("ERISA"), including, but not limited to:

1.  The right to establish a date on which contributions are due;

2.  The right to establish and conduct a random audit program;

3.  The right to audit the financial records of the employers, including but not limited to payroll ledgers, federal and state tax returns, IRS Form 941 and such other books and records of the employers as are necessary in order for the auditor to reasonably determine that the proper contributions have been made;

4.  The right to require that the delinquent employer pay the cost of an audit, interest, attorney's fees, and any other expenses incurred by the Fund in determining the amount of a delinquency and in collecting the delinquency;

5.    The right to require a bond from contributing employers; and the right to require a cash deposit as security for prompt future payments due from an employer that has been habitually delinquent in its contributions to the Funds;

6.    The right to recover liquidated damages;

7.    The right to take all other steps and to perform all other acts that are necessary in order to collect contributions due to the Fund in a timely and expeditious manner.

All questions and disputes relating to the interpretation, meaning or application of this Policy shall be finally and exclusively resolved by the Trustees in the exercise of their discretion and in the performance of its fiduciary obligations to the Fund's participants and beneficiaries, in the protection of the financial integrity and soundness of the Fund, and in the efficient and effective administration of the Fund. The procedures set forth herein shall be followed unless the Trustees determine that they should be notified or waived in a particular instance.

## Section 2

## Procedures

1.    All contributions and supporting remittance reports (together "Contributions") shall be payable on or before the twentieth (20th) day following the end of the calendar month for which they are made (the "Due Date"). The failure of the employer to make the contributions during the time stated above shall be deemed a violation of the Agreement and Declaration of Trust, the Participation Agreement, and the related Collective Bargaining Agreement or other written agreement entered into between the employer and participating Union, and the employer shall be considered to be in default.

2.    On the next day after the Due Date (or on the next business day if the Due Date falls on a weekend or holiday), the Fund will send a written notice to each delinquent employer advising the employer that Contributions due must be received immediately to avoid attorneys' fees and liquidated damages. The notice shall further advise the employer that if payment is not received immediately, the delinquency will be referred to the Fund's legal counsel for collection. Contributions are delinquent if not remitted by the Due Date.

3.  If the delinquent Contributions are not received by the Fund within ten (10) business days of the Due Date notice, the Fund shall immediately refer the matter to legal counsel. Counsel shall be sent a copy of the written notice and all other documents necessary to institute legal action. Counsel shall follow up with a notice of collection to the employer, with a copy to the participant's union.

4.  Employers shall be liable for the payment of delinquent Contributions with interest at the rate of ten percent (10%) per annum (calculated from the Due Date), plus liquidated damages of twenty percent (20%) of the amount of delinquent Contributions owing, and all costs including, but not limited to, reasonable audit and accounting expenses, witness costs and attorneys' fees, disbursements and court costs. The charge to a delinquent employer for the costs and expenses of collection, in addition to any interest due, shall in no event be less than one hundred dollars ($100) for each failure to pay monthly Contributions, or weekly Contributions if the employer is required to pay Contributions weekly.

5.  The Trustees shall have discretion in determining which employers will be audited and the frequency of the audits. It is the aim and intent of the Trustees that each contributing employer will be audited on a rotating cycle no less than once every three (3) years. In addition, special audits will be conducted of specific employers when directed.

6.  Each employer that terminates its participation in the Fund or files a petition in bankruptcy shall, at the discretion of the Funds, be audited as soon as practicable.

7.  Prior to conducting each audit, a letter will be sent to the employer advising the employer of the impending audit, citing the Trustees' authority to conduct the audit and describing the records required.

8.  At the discretion of the Trustees, upon completion of the audit of an employer, the auditor will conduct an exit interview with the employer to discuss the auditor's findings. The auditor will issue a report to the employer with the payroll audit findings as soon as it is practical subsequent to the audit. The employer will be advised that it has ten (10) days within which to contact the auditor and discuss any objections it has to the auditor's findings. Once this time period has elapsed, or the auditor has had an opportunity to resolve any objections to the auditor's satisfaction, the audit findings will be forwarded to the Fund.

9.  Upon receipt of the employer's reconciliation and consultation with the Fund's Payroll Auditor, or after the expiration of 30 business days without the requested payment, if there remains a dispute as to the results of the audit, the Fund shall refer the matter to

the Fund's Legal Counsel.  Thereafter, the procedures set out in Section 3 of these Rules will be followed.

10.    In the event an employer refuses to permit an audit upon request by the Fund, or if the employer refuses the Fund auditor access to pertinent records, then the Fund will refer the matter to Legal Counsel.

11.    In the event that a payroll audit reveals that an employer owes delinquent contributions to the Fund in excess of $500, or in the event that the employer refuses, resists or impedes any payroll audit by the Fund, the employer shall also be required to pay and shall be liable for the Fund's costs of the payroll audit, and any costs of attempts to require the employer to comply with the Fund's procedures, including subsequent audits made necessary thereby.

12.    Legal Counsel shall thereafter demand that the employer make available such books and records as are necessary for the Fund auditor to conduct an audit.  If the records are not made available as a result of Legal Counsel's letter, the employer shall be liable for any attorney's fees incurred by the Fund in enforcing the Fund's right to review the employer's records.  If necessary, upon approval of the Trustees, Legal Counsel shall institute legal action to enforce the Trustees' right to conduct a payroll audit and the employer shall be assessed all costs and attorney's fees incurred as a result of the employer's refusal to permit an audit or refusal to make available all pertinent records.

13.    The Fund's Payroll Auditor shall prepare and submit a report of payroll audits to the Trustees for each of the meetings of the Trustees, summarizing audits conducted, audits scheduled, and delinquent amounts due, if any.

## Section 3

## Legal Action and Settlement

1.    When a delinquency is turned over to the Fund's legal counsel for collection, legal counsel shall send a letter to the employer demanding payment of the delinquent contributions, interest and liquidated damages, and the costs of audit and collection, as computed by the Fund's auditor.

2.    The employer may, within 10 days after receipt of Counsel's letter, appeal in writing to the Trustees of the Fund if the employer claims that any amount assessed against it is not correct.  If such written appeal is filed, it shall be duly considered by the Trustees at their next meeting.  Notwithstanding any appeal, the Employer shall pay

the full amount demanded by the Fund, pending decision by the Trustees. The decision of the Trustees shall be final and binding, in their discretion.

3.  In the event an employer fails to pay the delinquent contributions, interest and liquidated damages within 20 days after legal counsel's demand for payment, legal counsel is authorized to initiate legal action, unless legal counsel recommends a different course of action based upon pertinent factors, which may include, but are not limited to, the following:

   a)  the financial condition of the employer;

   b)  the probability of collecting a judgment once it is obtained;

   c)  the employer's past performance as a contributing employer;

   d)  the amount of the delinquency;

   e)  the length of time the delinquent amount has been owed;

   f)  the likelihood that the costs of the suit will exceed the recovery; and

   g)  any other factor that in the discretion of the legal counsel, may have a material bearing on the collection of the delinquent contributions.

Any recommendation by legal counsel shall be made to the Trustees. A legal action may be deferred pending action of the Trustees, and the Trustees reserve the right to accept, reject or modify any such recommendation.

4.  A suit, arbitration, action, charge or other proceeding to enforce the obligation to make such contributions may be commenced by the Fund in its own name, by the Trustees on behalf of the Fund. However, no proceeding by the participant's Union on behalf of the Fund for such contributions shall be compromised or settled or binding upon the Fund without the Fund's written consent.

5.  Legal counsel is authorized to enter settlement negotiations (including the sending of a demand letter or other correspondence) with delinquent employers. Without further approval of the Trustees, legal counsel may agree to the immediate payment of the full amount owed, but any settlement which waives or compromises the amount owed, including interest, liquidated damages, attorney's fees or costs, must be approved by the Trustees.

6.    Legal counsel has the authority to reject any proposal for settlement that contemplates payment of amounts due over a period of time, if its acceptance would result in collection of less than the total amount owed and if, in the attorney's opinion, it is unreasonable. Such rejection shall be subject to the Trustees' subsequent review. Only the Trustees may approve a proposal to extend the time of payment.

7.    The Trustees reserve the right to accept or reject an employer's proposal to pay delinquent contributions, interest, liquidated damages, and attorney's fees over a period of time and to compromise any claim or delinquent account as recommended by legal counsel; provided, however, that any such decision to extend the time for payment, or to compromise the amount owing, complies with all applicable laws and regulations, including but not limited to Department of Labor Prohibited Transaction Exemption 76-1.

8.    Settlements calling for payments over time or compromising the amount, including interest, liquidated damages, attorney's fees, or costs, must be in writing and signed on behalf of the Fund and the employer.

9.    Notwithstanding, the procedures set out in this policy, the Trustees may refer any delinquent account to legal counsel at an earlier or later date than provided for herein where circumstances warrant that collection action be expedited or delayed.

10.    The Trustees may, from time to time, appoint a subcommittee of Trustees to act on behalf of the Trustees in connection with this policy.

## Section 4

## Remedies

The remedies available to the Fund are set forth in its Agreement and Declaration of Trust, Participation Agreements and under applicable law and include, but are not limited to, the following:

1.    Interest owed by a delinquent employer shall be calculated at the rate of 10% per annum.

2.    Liquidated damages shall be calculated at the rate of 20% of the amount due.

- 6 -

3.   Attorney's fees shall be assessed against a delinquent employer at the attorney's standard hourly rate, for all time spent by counsel in collection efforts pursuant to Section 3 hereof.

4.   The cost of the audit shall be assessed against the employer if the amount due, as determined by the audit, is in excess of $500, or if the employer refuses, resists or impedes any payroll audit.

5.   All costs actually incurred in court actions for collection of amounts shown due by an audit or to enforce the Trustees' right to audit the employer's payroll records shall be assessed against the delinquent employer, including but not limited to, filing fees, fees for service of process, copying charges, postage, and such other costs as would otherwise be charged to the Fund.

6.   Nothing in this Section or Policy shall be construed as limiting the authority of the Trustees to compromise, settle or otherwise waive any right, payment or interest they possess consistent with the obligation to act in the best interests of the participants.

7.   Failure to make payments in a timely manner may also result in the termination of the employer's participation in the Fund and/or the termination or suspension of benefits to the employer's employees.   In such case, the employer shall be liable and responsible to pay benefits to the employees and participants directly and to indemnify and hold the Fund harmless for any claims arising out of such benefits.   If the Employer is in default, the Fund shall not be under any obligation to continue providing benefits for such employees, participants or beneficiaries for whom such contributions were to be made.

## Section 5

## Additional Information

1.   The employer shall regularly supply the following information, which shall be submitted with each monthly contribution on such forms as are prescribed by the Board of Trustees:

a)   A list of all the employees eligible for benefits.

b)   A list of new employees showing their Social Security numbers, birth dates and sex, and the dates of commencement of employment.

c)   A list of reinstated employees showing the dates on which they returned to work during the month involved. Reinstated employees shall mean those employees for whom contributions to the Fund were previously made by any employer and who have returned to work after a strike or lockout, a period of leave of absence, layoff, accident or illness.

d)   A list of terminated employees showing the last working dates and reason for termination of such employees. Terminated employees are defined as employees who are laid off, granted a leave of absence, out because of illness, because of strike or lockout, because of accident, retirement, discharge or resignation.

e)   A list of employees who were reinstated and terminated (in and out) during such month, showing the first date on which they returned to work and the last working date in the month involved and the reason for termination. Such reinstated and terminated (in and out) employees are defined as employees who were previously reported to the Fund, who are recalled to work during the month involved, but who are terminated during the same month.

f)   Any other information requested by the Fund from the employer or in the possession of the employer for the administration of the Fund if needed to comply with applicable law or regulation.

2.   Additionally, the Trustees shall have the power and authority to require any employer to furnish to the Fund such information and reports as the Trustees in their sole discretion may deem to be reasonable or necessary for the proper performance of their duties under this Trust Agreement.

3.   A contributing employer shall provide to the Fund any and all accurate information needed by the Fund to carry out the Fund's duties under law, regulation, plan or this Trust Agreement, in a timely manner. Any contributing employer which does not provide such accurate information in a timely manner shall be liable to the Fund, and shall indemnify the Fund and hold it harmless with respect to any and all costs, penalties, damages, assessments, fees (including attorney's fees and costs), liabilities or debts incurred by or on behalf of the Fund as a result of the employer's failure to provide such timely and accurate information to the Fund.

- 8 -

## Section 6

## General

1.  The Trustees may amend, modify or revise this Policy or any of its procedures at any time, in their discretion.

2.  All questions or disputes relating to the interpretation, meaning and/or application of this policy shall be finally and exclusively resolved by the Trustees in the exercise of its discretion and in the performance of its fiduciary obligations to the Funds' participants and beneficiaries, in the protection of the financial integrity and soundness of the Funds and the efficient and effective administration of the Funds.

3.  If an employer's contributions decline significantly (by 10% or more) from its preceding contributions, the Fund shall contact the employer for an explanation of the decline. If the decline is not explained, the Fund shall report the situation to the Trustees at their next regularly scheduled meeting or earlier if more immediate action appears necessary.

4.  Subject to the terms and conditions of this policy, an employer that makes a contribution to a Fund in excess of the amount required and under a mistake of fact or law may request a refund of the amount of such excess contributions. No refund of excess contributions shall be granted by the Fund without a written request for such refund having been received within 2 years after the date that such excess contributions were received by the Fund. If the Fund incurred a direct or indirect cost, expense or liability as a result of an excess contribution, any refund of such contribution shall be reduced by the full value of such cost, expenses or liability. In no event shall a credit or refund of contributions be taken or allowed for any period during which coverage has been provided by the Fund to an individual based on the employer's contributions, regardless of whether the Fund actually paid benefits or premiums on behalf of that individual. The obligation to discovery and delineate the amount of excess contributions within the time limits provided within the policy is the sole and exclusive responsibility of the employer. The request of the employer for refund of excess contributions must be in writing and shall not be effective until it is received by the Fund. The failure and/or refusal of the employer promptly and fully to comply with any or all of the provisions of this policy shall result in the denial of the request for the refund of excess contributions. As used in this policy, the term "refund" shall include the offset of previously-submitted excess contributions against currently due contributions ("credits"). As such, upon approval of the Trustees, an employer may be permitted to credit excess contributions, less the Fund's set-offs described in this policy, against current contributions only to the same extent and under the same terms

and conditions as such employer may be entitled to a refund under this policy. Any employer attempt to recoup any excess contribution through a procedure other than the one described in this paragraph (for instance by the employer unilaterally taking a credit) shall result in the automatic forfeiture of the refund and the treatment of any credit taken by the employer as a delinquent contribution.

## Section 7

### Binding on Employers

This Policy is binding on every employer which contributes to the Fund. A condition of any employer's participation in the Fund, and the Fund's acceptance of contributions from any employer in the Fund, is the employer's acceptance of and compliance with this Policy. A copy of this Policy shall be forwarded to each contributing Employer with a cover letter from the Fund advising it of this Policy and this provision.

_____
Larry Magarik, Independent Fiduciary

_____
Nephty Cruz, Trustee

_____
Michael Balletto, Trustee

- 10 -