USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BOARD OF TRUSTEES OF THE DISTRICT :
6 HEALTH PLAN,
:
        Plaintiffs,
:  No. 07 Civ. 6391 (GBD)
-against-
:  **CONFIDENTIALITY
    STIPULATION AND ORDER**
PINNACLE MANAGING CO., LLC, et al.,
:
        Defendants.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

IT IS HEREBY STIPULATED AND AGREED by attorneys for plaintiffs Board of Trustees of the District 6 Health Plan ("Plaintiffs") and attorneys for defendants Pinnacle Managing Co., LLC, Realty Corp., LLC, a/k/a 3647 Realty Co., LLC, a/k/a 3657 Realty Co., LLC, a/k/a 3647 and 3657 Realty Co., LLC, and Wiener Realty, LLC ("Defendants")(collectively, the "Parties") that:

1.    All payroll records, tax-related forms or other personnel records of the Defendants to be produced in discovery proceedings that are stamped or described by the producing party as "CONFIDENTIAL" shall be subject to the following restrictions:

    (a)    Such payroll records, tax-related forms or other personnel records of the Defendants and the information contained in the document shall be used only for the purpose of this litigation and not for any other purpose whatsoever;

    (b)    Such payroll records, tax-related forms or other personnel records of the Defendants shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone except:

      (i)    the Court and its employees, court reporters and stenographers at depositions and trial;

      (ii)    the attorneys of record and their associated attorneys, for the party or parties in this litigation to which such documents are produced, and the employees of such attorneys to whom it is necessary that the material be shown for the purpose of this litigation;

      (iii)    counsel, including inside counsel, of any such party who are working on the case;

      (iv)    independent accountants, auditors, statisticians, economists, engineers or other independent experts retained by the parties or the attorneys of record for such party to assist in the preparation of this case for trial;

      (v)    witnesses at depositions or trial in this case or in preparation for depositions or trial; and

      (vi)    The Parties, or the directors, officers, trustees, fiduciaries, and employees of the Parties who are assisting in the preparation of this case for trial and to whom, in the opinion of the attorney(s) for the Plaintiffs or the Defendants, it is necessary to the preparation of that party's case that such material be shown.

(c)    The foregoing restrictions in Paragraphs 1(a) and (b) above, regarding payroll records, tax-related forms or other personnel records of the Defendants designated as CONFIDENTIAL shall only apply to the non-producing party

2. The restrictions imposed by the requirements of Paragraph 1 may, at the request of the producing party, govern payroll records, tax-related forms or other personnel records of the Defendants identified in response to interrogatories, document requests, questions posed at depositions and responses thereto, and responses to inquiries otherwise posed pursuant to provisions in the Federal Rules of Civil Procedure or other applicable statutes or rules.

3. Each person referred to in Paragraphs 1(b)(ii), (iii) and (vi) agrees, as evidenced by signatures below, to be bound by the terms of this Stipulation. Each person referred to in Paragraphs 1(b)(iv) and (v) to whom any payroll records, tax-related forms or other personnel records of the Defendants or copies thereof are to be given, shown, made available, discussed or otherwise communicated in any way, in whole or in part, and each person receiving any information subject to the restrictions referred to in Paragraph 1 above, shall first be told about this Confidentiality Stipulation and advised not to disclose such documents and/or information outside the context of the present litigation.

4. The Parties each reserve the right to redesignate as "CONFIDENTIAL" any payroll records, tax-related forms or other personnel records of the Defendants that it produces, or has already produced or any information subject to the restrictions of Paragraph 1. Such redesignation shall be effective as of the date of such redesignation.

5. At any time during the period of this action, any party who objects to the designation of any CONFIDENTIAL payroll records, tax-related forms or other personnel records of the Defendants will advise the producing party in writing of its objection and the basis of the objection. If the parties are unable to resolve the objection in good faith, the objecting party shall move for an order vacating the designation in dispute. While such an application is pending, the CONFIDENTIAL designated payroll records, tax-related forms or other personnel

records of the Defendants will be treated as confidential under the terms of this Stipulation. None of the parties to this action is obliged to challenge the designation of any payroll records, tax-related forms or other personnel records of the Defendants marked CONFIDENTIAL at the time of receipt, disclosure or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

6. The Parties' counsel, accountants, or auditors may retain CONFIDENTIAL payroll records, tax-related forms or other personnel records of the Defendants for recordkeeping purposes following the conclusion of this action. Within 60 days after the conclusion of the above-entitled action (including any appeals), all other originals and copies of any payroll records, tax-related forms or other personnel records of the Defendants subject to this Stipulation shall not be retained by any party; and all notes or other records of the receiving party relating to confidential information supplied by the producing party shall be destroyed. A certificate of such destruction by the receiving party shall be provided to the producing attorney or party upon request.

7. This Stipulation shall continue to be binding after the conclusion of this action, unless the Parties agree otherwise in writing.

8. Nothing in this Stipulation shall bar or otherwise restrict any attorneys from rendering advice with respect to this litigation to the party for which such attorneys have appeared of record in this action and, in the course thereof, referring to or relying generally upon their examination of documents produced to them in this action.

9. This Stipulation supersedes any previous arrangement for confidentiality entered into by the Parties. The obligations incurred under such agreements are not altered or suspended except as modified herein.

10. Any Party served with a subpoena or other notice compelling the production of CONFIDENTIAL payroll records, tax-related forms or other personnel records of the Defendants shall promptly notify the producing Party. If an objection to the appropriate court is timely made, no production shall take place absent court order.

Dated: New York, New York
August 5, 2008

I hereby consent to the form and entry of the within Confidentiality Stipulation and Order.

| MCDERMOTT WILL & EMERY LLP | BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC |
|---|---|
| *[signature]* | *[signature: Marc Tenenbaum]* |
| Joel E. Cohen (JC 5312) | Charles R. Virginia (CV 8214) |
| Katherine D. Kale (KK 7586) | Marc A. Tenenbaum (MT 3426) |
| 340 Madison Avenue | Barnes, Iaccarino, Virginia, Ambinder & |
| McDermott Will & Emery LLP | Shepherd PLLC |
| New York, New York 10173 | 111 Broadway, Suite 1403 |
| (212) 547-5400 | New York, New York 10006 |
| | (212) 943-9080 |

So Ordered:

AUG 1 3 2008

*[signature]*
George B. Daniels, U.S.D.J.
**HON. GEORGE B. DANIELS**

NYK 1172636-1 054335.0022